IN THE COURT OF COMMON PLEAS
MORGAN COUNTY, OHIO

FILED
FEB 25 2019
CARMA JOHNSON
MORGAN COUNTY
CLERK, COMMON PLEAS CT.

SAMANTHA NORMAN, Individually
and as the Administrator of the Estate of
James Norman
659 Sycamore Ave.
McConnelsville, Ohio 43756

    Plaintiff,

v.

PRAXAIR, INC.
c/o Statutory Agent
The Prentice-Hall Corporation System, Inc.
50 West Broad St., Suite 1330
Columbus, Ohio 43215

    and

CHARLES E. HAYNES
560 Main St., Apt. 3
Youngstown, Ohio 44501

    and

ROBERT J. TUTTLE
5996 Benning Road
West Falls, New York 14170

    Defendants.

Case No.: 19CV0030

Judge: D.W. FAVREAU

**COMPLAINT**

**Jury Demand Endorsed Herein**

## PARTIES

1.     Plaintiff Samantha Norman is the surviving spouse of James Norman, and was appointed the Administrator of the Estate of James Norman by the Morgan County Probate Court, Case No. 2018PE0131. She brings this action pursuant to Ohio Revised Code Section 2125.01 et.seq. for the decedent's surviving beneficiaries, which include herself as a surviving spouse, his four children, Alyzha Norman, Cecelia Norman, Sylvia Norman, and Samson



1

Norman, and other next of kin. Additionally, Plaintiff brings this action on behalf of the estate as a survivor's action pursuant to Ohio Revised Code Section 2305.21.

2. James Norman resided in McConnelsville, Ohio (Morgan County) at the time of his death on November 5, 2018.

3. Upon information and belief, Defendant Praxair, Inc. is an international industrial gas company incorporated under the laws of the State of Delaware with its principal place of business in Danbury, Connecticut. Defendant Praxair is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 332037.

4. Upon information and belief, Defendant Charles E. Haynes resided in Youngstown, Ohio during all times relevant herein. Upon information and belief, Defendant Haynes was an employee and/or agent of Defendant Praxair at the time of the subject crash, thereby making Defendant Praxair liable for his conduct under *respondeat superior* and vicarious liability. Furthermore, Defendant Praxair is an interstate motor carrier and the registered owner of USDOT number 332037 displayed on the tractor-trailer involved in this crash and is therefore responsible for the acts of Defendant Haynes.

5. Upon information and belief, Defendant Robert J. Tuttle resided in West Falls, New York during all times relevant herein. Upon information and belief, Defendant Tuttle was an employee and/or agent of Defendant Praxair at the time of the subject crash, thereby making Defendant Praxair liable for his conduct under *respondeat superior* and vicarious liability. Furthermore, Defendant Praxair is an interstate motor carrier and the registered owner of USDOT number 332037 displayed on the tractor-trailer involved in this crash and is therefore responsible for the acts of Defendant Tuttle.

6. Jurisdiction is proper under Ohio R.C. §2305.01. This court has personal jurisdiction over the Defendants. Venue is proper under Ohio Civil Rule 3 as Defendants conducted activity that gave rise to this claim for relief in this county.

## FACTS PERTINENT TO ALL CLAIMS

7. Plaintiff incorporates all prior paragraphs as if fully rewritten herein.

8. On November 5, 2018, at approximately 4:22 a.m., James Norman was driving his vehicle northwest bound on SR 60 in Morgan Township, Ohio on his way to work when he struck Defendant Praxair's tractor-trailer, which was being operated by Defendant Charles Haynes with the assistance of Defendant Robert Tuttle. At the time of the collision, Defendant Haynes was in the process of improperly reversing on SR 60 into a private drive in an attempt to deliver hydrogen gas to Mahle Engine Components. The tractor-trailer was at a complete stop in the roadway at the time of impact. The front of Defendant Praxair's tractor was facing southeast bound on SR 60 while the trailer was improperly blocking the entire northwest lane of travel.

9. James Norman was unable to perceive that the Praxair tractor-trailer was improperly stopped, blocking the northwest bound lane of travel, and attempting to reverse into the private drive prior to the collision because the trailer was not reasonably discernible to oncoming motorists. Another driver in a vehicle traveling directly behind James Norman's vehicle was also unable to perceive that the Praxair tractor-trailer was improperly stopped on the roadway.

10. As a direct and proximate cause of the crash, James Norman suffered severe injuries, property damage, conscious pain and suffering, fear of impending death, and wrongful death. As a further proximate cause of this crash and James Norman's death, his surviving

3

beneficiaries suffered severe emotional and financial losses, including funeral expenses, loss of income, and loss of services, and other losses contemplated by Ohio's wrongful death statute.

**FIRST CAUSE OF ACTION – NEGLIGENCE OF DEFENDANTS HAYNES & TUTTLE**

11. Plaintiff incorporates all prior paragraphs as if fully rewritten herein.

12. Defendants Haynes and Tuttle had a duty to operate the tractor-trailer in a safe and reasonable manner, to obey all traffic laws and traffic devices, and to safely perform the delivery of hazardous materials so as to not put the general public in danger.

13. Defendant Haynes was negligent in his operation of the Defendant Praxair tractor-trailer. Said negligence includes, but is not limited to, improperly stopping on a roadway, improperly reversing on a roadway, improperly blocking the opposite lane of travel with the trailer, failing to appreciate the risks and dangers of his actions on a busy roadway in the dark, failing to utilize a safer route in the delivery of this hazardous material to Mahle Engine Components, requiring multiple attempts to make the reverse maneuver, failing to take adequate steps to warn oncoming traffic of his improper actions, and failing to use adequate care in the transportation and delivery of hazardous materials. Defendant Haynes was negligent in other respects as well.

14. Defendant Tuttle was negligent in his assistance of Defendant Haynes. Said negligence includes, but is not limited to, failing to warn Defendant Haynes against backing in to the private drive, failing to take adequate steps to warn oncoming traffic of Defendant Haynes' improper driving maneuvers, and failing to use adequate care in the transportation and delivery of hazardous materials. Defendant Tuttle was negligent in other respects as well.

15. As a direct and proximate cause of negligence of Defendants Haynes and Tuttle, James Norman suffered severe injuries, property damage, emotional distress, disability, loss of

4

enjoyment of life, conscious pain and suffering, mental anguish, fear of impending death and death.

16. As a further proximate cause of this crash and James Norman's death, his surviving beneficiaries suffered severe emotional and financial losses, including funeral expenses, loss of income, and loss of services, and other losses contemplated by Ohio's wrongful death statute.

## SECOND CAUSE OF ACTION – STATUTORY VIOLATIONS BY DEFENDANT HAYNES

17. Plaintiff incorporates all prior paragraphs as if fully rewritten herein.

18. Defendant Haynes violated state and federal statutes and regulations, including, but not limited to, Ohio R.C. §4511.38; OAC 4901:2-5-02 through 4901:2-5-08; and various federal motor carrier safety regulations established under 49 C.F.R. §§350-399.

19. As a direct and proximate cause of said violations, James Norman suffered severe injuries, property damage, conscious pain and suffering, fear of impending death, and wrongful death. As a further proximate cause of this crash and James Norman's death, his surviving beneficiaries suffered severe emotional and financial losses, including funeral expenses, loss of income, and loss of services, and other losses contemplated by Ohio's wrongful death statute.

20. Defendant Haynes was negligent per se based on these statutory violations.

## THIRD CAUSE OF ACTION – PUNITIVE DAMAGES AGAINST DEFENDANTS HAYNES & TUTTLE

21. Plaintiff incorporates all prior paragraphs as if fully rewritten herein.

22. The actions of Defendant Haynes and Defendant Tuttle demonstrated a conscious disregard for the rights and safety of Plaintiff's decedent, James Norman, and the rest of the motoring public. Defendants acted with reckless disregard and indifference to the rights and

5

safety of others despite being aware of the dangerousness of his conduct and the great probability of causing substantial harm.

23. As a direct and proximate cause of the conduct of Defendants Haynes and Tuttle, James Norman suffered severe injuries, property damage, conscious pain and suffering, fear of impending death, and wrongful death. Accordingly, Plaintiff demands punitive damages against Defendant Haynes and Defendant Tuttle.

## FOURTH CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT PRAXAIR

24. Plaintiff incorporates all prior paragraphs as if fully rewritten herein.

25. Defendant Praxair had a duty to act reasonably in hiring, training, instructing, supervising, and retaining its drivers and other employees and agents, including Defendants Haynes and Tuttle, and to promulgate and enforce policies and procedures to ensure that its drivers and vehicles were reasonably safe. Further, Defendant Praxair had a duty to plan safe routes and delivery protocols of hazardous materials to its customers.

26. Defendant Praxair had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

27. Defendant Praxair failed in the above-mentioned duties and was therefore negligent. Defendant Praxair was negligent in other respects as well.

28. As a direct and proximate cause of said negligence, James Norman suffered severe injuries, property damage, conscious pain and suffering, fear of impending death, and wrongful death. As a further proximate cause of this crash and James Norman's death, his surviving beneficiaries suffered severe emotional and financial losses, including funeral expenses, loss of income, and loss of services, and other losses contemplated by Ohio's wrongful death statute.

6

## FIFTH CAUSE OF ACTION – STATUTORY VIOLATIONS BY DEFENDANT PRAXAIR

29. Plaintiff incorporates all prior paragraphs as if fully rewritten herein.

30. Defendant Praxair violated state and federal statutes and regulations, including, but not limited to, 49 C.F.R. §§350-399 and OAC 4901:2-5-02 through 4901:2-5-08. These statutes and regulations were promulgated to protect the safety of the general public, including James Norman.

31. As a direct and proximate cause of said violations, James Norman suffered severe injuries, property damage, conscious pain and suffering, fear of impending death, and wrongful death. As a further proximate cause of this crash and James Norman's death, his surviving beneficiaries suffered severe emotional and financial losses, including funeral expenses, loss of income, and loss of services, and other losses contemplated by Ohio's wrongful death statute.

## SIXTH CAUSE OF ACTION – PUNITIVE DAMAGES AGAINST DEFENDANT PRAXAIR

32. Plaintiff incorporates all prior paragraphs as if fully rewritten herein.

33. Defendant Praxair's conduct demonstrated a conscious disregard for the rights and safety of Plaintiff's decedent, James Norman, and the rest of the motoring public. Defendant Praxair acted with reckless disregard and indifference to the rights and safety of others despite being aware of the dangerousness of its conduct and the great probability of causing substantial harm.

34. As a direct and proximate cause of the conduct of Defendant Praxair, James Norman suffered severe injuries, property damage, conscious pain and suffering, fear of impending death, and wrongful death. Accordingly, Plaintiff demands punitive damages against Defendant Praxair.

## SEVENTH CAUSE OF ACTION – WRONGFUL DEATH

35. Plaintiff incorporates all prior paragraphs as if fully rewritten herein.

36. As a direct and proximate cause of the negligence and failures of the Defendants as described herein, Plaintiff's decedent, James Norman, died prematurely on November 5, 2018.

37. As a direct and proximate cause of the conduct of the Defendants, and the premature death of James Norman, his estate has incurred reasonable and necessary expenses, including funeral expenses.

38. As a further direct and proximate cause of the conduct of the Defendants, James Norman's survivors, including his surviving spouse, Samantha Norman, his four children, Alyzha Norman, Cecelia Norman, Sylvia Norman, and Samson Norman, as well as his other next of kin, have suffered the loss of his society, support, companionship, care, assistance, and have suffered severe mental anguish and grief and have otherwise been damaged since his death on November 5, 2018. Decedent's wrongful death beneficiaries have suffered all damages contemplated by Ohio's wrongful death statute. As such, his survivors and next of kin are entitled to be compensated in an amount reasonable, proper and commensurate with the losses suffered.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $25,000, plus interest, costs, and other relief that this Court deems just and equitable, including punitive damages for the intentional, egregious, and reckless misconduct of the Defendants.

Respectfully submitted,

_____
Michael J. Rourke (0022950)
Timothy M. Mahler (0079574)
ROURKE & BLUMENTHAL, LLP
495 S. High Street, Suite 450
Columbus, Ohio 43215
614-220-9200 – Telephone
614-220-7900 – Facsimile
mrourke@randbllp.com
tmahler@randbllp.com

Steven R. Baldwin (0004777)
MICHELI, BALDWIN, MORTIMER,
McLENDON, WHITACRE, LLP
3808 James Court, Suite 2
Zanesville, Ohio 43701
740-454-2545 – Telephone
740-454-6372 – Facsimile
sbaldwin@rrohio.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff, by and through counsel, hereby demands a jury of eight persons on all issues set forth herein.

_____
Michael J. Rourke (0022950)
Timothy M. Mahler (0079574)